**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re Application of CTS Research, Inc. for an Order Directing Discovery from Comcast Corporation Pursuant to 28 U.S.C. § 1782** | **Misc. No. 25-0046** |

**MEMORANDUM**

COSTELLO, J.                                                    **October 2, 2025**

CTS Research, Inc. ("CTS") filed an *ex parte* application under 28 U.S.C. § 1782 seeking leave to subpoena telephone records from Comcast Corporation ("Comcast") for use in a foreign lawsuit.  For the reasons stated below, the Court will deny the application.

## I.    BACKGROUND

CTS is a global investigative firm incorporated in New York.  ECF No. 1-2 at 2.  In May 2025, CTS was sued in the United States District Court for the Southern District of Florida for allegedly committing and conspiring to commit various torts.  *Id*. at 5.  In August 2025, CTS sued Zachary Storm Williams for defamation and civil conspiracy in the Supreme Court of British Columbia (the "Canada Litigation"), alleging that Williams coordinated a smear campaign against CTS following the initiation of the Florida lawsuit.  *Id*. at 2.  The Notice of Claim filed in the Canada Litigation includes specific examples of purported defamatory statements Williams allegedly posted on his social media accounts between June 7, 2025, and July 18, 2025.  *Id*. at 7-14.  It also lists more than seventy people or social media accounts CTS alleges participated in the conspiracy.  *Id*. at 3-4.

CTS filed this *ex parte* application seeking all records of communications between two telephone numbers ending in 2175 and 6126, on the one hand, and any one of 137 other

telephone numbers, on the other hand.  ECF No. 1-3 at 5, 7.  CTS refers to these 137 telephone numbers as "Co-Conspirators' Phone Numbers."  *Id.* at 1, 5, 7.  The application further requests all records relating to communications between the 137 listed telephone numbers.  *Id*. at 5,7.  The application seeks such records for the time period January 1, 2025 to the present.  *Id*. at 3.

## II.    DISCUSSION

Under Section 1782, "the district court in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  A district court is authorized to grant an application under Section 1782 if the following statutory requirements are met: 1) the person from whom discovery is sought resides or is found within the district; 2) the discovery is for use in a proceeding before a foreign or international tribunal; and 3) the application is made by a foreign or international tribunal or any interested person.  *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998).  The statutory requirements appear to be satisfied in this case.  Comcast is found in this District, and the discovery would be used in the Canada Litigation.  CTS, the plaintiff in that case, is an interested party.

If the statutory requirements are met, the court has the discretion to grant the application, but it is not required to do so.  *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 264 (2004).  In exercising its discretion, the court may consider: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.  *Intel*, 542 U.S. at 264-65.  When Congress adopted

the 1964 amendments to Section 1782, its "overarching goals were to provide efficient means of assistance to foreign courts and litigants and encourage other nations to return the favor by providing similar assistance to United States courts." *In re Bayer AG*, 146 F.3d at 193 (internal citation omitted). A court should keep these goals in mind when exercising its discretion. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

Regarding the first discretionary *Intel* factor, Comcast is not a participant in the foreign proceeding. When, as here, the entity from whom the discovery is sought is not a participant in the foreign proceeding, the need for assistance under Section 1782 is more apparent than if the entity were a party. *Intel*, 542 U.S. at 264. "A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* The same may not be true with respect to third parties in foreign countries. However, it is not clear whether the specific assistance requested here could not be obtained by the Canadian court. It is also not clear whether the requested information is available from Comcast. The application requests permission to serve a subpoena on Comcast that seeks information about a long list of telephone numbers without providing any context for the relevance of those numbers or their connection to the Canada Litigation or to Comcast. The crux of the Canadian Litigation is that Williams allegedly posted defamatory comments on his social media accounts and conspired with others to do the same. Perhaps the subpoena is intended to discover with whom Williams communicated with in carrying out the alleged defamation. If so, CTS can obtain at least some of that information from Williams, a resident of Canada and party to the Canada Litigation. Still, the relevant telephone carrier would likely have records that are not available to Williams, including records relating to communications between any telephone numbers not assigned to Williams. However, as already noted, the application does not make clear whether any of the 139 telephone

3

numbers were assigned to Williams, or for that matter, to any Comcast customers. Thus, it is difficult for the Court to assess the availability of such information to the Canadian court or to weigh CTS's need to request such information from Comcast. Under these circumstances, this factor is neutral.

As for the second factor, the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance, CTS represents that it has no reason to believe the Canadian court would not be receptive to judicial assistance. This factor therefore weighs in favor of CTS.

With respect to the third factor, there is nothing to suggest that the request conceals an attempt to circumvent foreign proof-gathering restrictions. At the same time, Williams, and potentially other co-conspirators, will likely have to respond to discovery requests seeking at least some of the same information in the Canada Litigation. The instant application may undercut Canada's procedures or the Canadian court's management of the discovery process. Therefore, this factor is neutral.

The final factor, whether the request is unduly intrusive or burdensome, is determinative. Williams is the only named defendant in the Canada Litigation. Yet, CTS's application seeks information related to 139 different telephone numbers with no explanation of how those numbers were identified or how they are related to the underlying case. As stated previously, it is not even clear whether any of the 139 telephone numbers were assigned to Comcast customers. CTS referred to 137 of those telephone numbers as belonging to co-conspirators, but inserting a label at the top of a list does not make it so. Without some information connecting the telephone numbers to Comcast and to the alleged conspiracy, the subpoena appears to cast a very wide and indiscriminate net in the hopes of discovering relevant information without regard for

4

the burden on Comcast or the privacy of possibly uninvolved individuals.  In addition, the time

period of the subpoena is overbroad.  It seeks records from January 1, 2025 to the present, a

period of nine months and counting.  The alleged defamation, on the other hand, occurred over a

mere five-week period between June 7, 2025, and July 18, 2025.  Given the questionable

relevance of the requested information, the Court finds that the application is unduly intrusive

and overly burdensome.  *See In re Asia Maritime Pacific Ltd*, 253 F. Supp. 3d 701, 705

(S.D.N.Y. 2015) (denying Section 1782 application as "overly broad fishing expedition" and

noting that application was "too great a burden to impose on nonparties, particularly on an *ex*

*parte* basis").

Finally, the Court is mindful of the goal of providing efficient assistance to foreign courts

and litigants.  Recognition of this goal, however, does not mandate approval of the application.

As stated above, the proposed subpoena is overly broad and unduly burdensome, and it risks

intruding on the discovery process in Canada.  Under these circumstances, the approval of the

application would not further the goals of Section 1782.  *Id.* (noting that overly broad application

would "do nothing" to further goals of Section 1782).  Accordingly, the Court will deny CTS's

application.  An appropriate order follows.


**BY THE COURT:**


MARY KAY COSTELLO
United States District Judge